[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14759
Non-Argument Calendar
_____

D.C. Docket Nos. 1:07-cr-00225-KD-B-1,
1:14-cr-00276-KD-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE ALEXANDER WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 29, 2018)

Before ED CARNES, Chief Judge, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Willie Washington, a convicted sex offender, appeals the revocation of his

supervised release and sentence under 18 U.S.C. § 3583. One of the statutory conditions of Washington's supervised release was that he "not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). At his revocation hearing, the district court found that shortly after Washington was placed on supervised release, he spent the night at his girlfriend's house while his girlfriend's 10 year-old son was there.[1] Because Alabama law makes it a crime for a sex offender to "conduct an overnight visit with a minor," Ala. Code § 15-20A-11(d), the district court determined that Washington violated the condition of his supervised release that he not commit another State crime. It revoked his supervised released and sentenced him to 21 months imprisonment to be followed by another life term of supervised release. Washington appealed. We review a district court's determination that a defendant violated the conditions of supervised release for an abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994).

Washington contends that the district court abused its discretion because there wasn't enough evidence presented at his revocation hearing to prove that he spent the night at his girlfriend's house. A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C.

---

[1] Washington and his girlfriend later got married, but to avoid confusion here we will refer to Washington's now-wife as his girlfriend because that's what she was at the time.

§ 3583(e)(3).  The district court based its findings on the testimony of Washington, his girlfriend, and his probation officer.  It also considered a written statement that was signed by Washington and the probation officer in which Washington admitted that on three occasions he had spent the night at his girlfriend's house while her son was present.  The district court found that the testimony of the probation officer that Washington and his girlfriend had admitted to the officer that he had spent three nights at his girlfriend's house when her son was present was more credible than Washington's and his girlfriend's testimony denying that he spent the night.

We must accept the district court's credibility determination unless it is "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it."  United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).  The district court's credibility determination here was anything but that.  The court explained that the probation officer's account was more believable because Washington had a history of not complying with the terms of his supervised release.  So the court reasoned that the probation officer "was probably pretty particular" about Washington's whereabouts and activities.  And although the district court didn't specifically say so, it would have been reasonable for it to believe the probation officer's account because it remained consistent throughout the proceedings and the officer didn't have a reason to lie.

3

See id. at 750 (concluding that the district court's credibility determination was reasonable because it "t[ook] into account the interests of the witnesses, the consistencies or inconsistences in their testimonies, and their demeanor on the stand"). In contrast, Washington's account shifted from the time he signed the written statement to the revocation hearing.[2] And he and his girlfriend clearly had a strong incentive to lie to keep Washington from going back to prison. Instead of being contrary, inconsistent, or improbable, the district court's credibility determination was a reasonable one. So there is no reason to disturb its finding that Washington spent the night at his girlfriend's house while her son was present, violating Alabama law and the conditions placed on his supervised release. As a result, the district court did not abuse its discretion in revoking Washington's supervised release.[3]

**AFFIRMED.**

---

[2] Washington concedes that he knew that he was not allowed to spend the night at his girlfriend's house with her son present. But he argues that the probation officer didn't explain to him that the definition of "overnight visit" under Alabama law meant any visit between the hours of 10:30 p.m. and 6:00 a.m. And as a result, he says, he didn't understand the written statement he signed. But the statement Washington signed, and his statements to the probation officer, indicate that he spent the night at his girlfriend's house with her son present, which — even if he didn't understand the exact times — he knew he wasn't supposed to do.

[3] Washington also argues that even if he did spend the night at his girlfriend's house that would not violate Alabama law. Alabama Code § 15-20A-11(d) provides that an adult sex offender may not "conduct an overnight visit with a minor." Washington asserts that the phrase "with a minor" means the statute only applies when the purpose of the overnight visit is to visit "with the minor" (and not with an adult). Washington's purpose, he says, was to visit his girlfriend and not her son, so he claims the district court was wrong to determine that § 15-20A-11(d) applied. But "with" means "with" and because Washington spent the night at his girlfriend's house "with" her minor son present, § 15-20A-11(d) applied.